*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LARRY NEWBY,

        Defendant-Appellant.

UNPUBLISHED
August 18, 2022

No. 356196
Wayne Circuit Court
LC No. 15-003085-01-FC

## ON REMAND

Before: SAWYER, P.J., and RIORDAN and REDFORD, JJ.

PER CURIAM.

We reconsider this case in light of *People v Brown*, ___ Mich App ___; ___ NW2d ___ 2021 (Docket No. 352001), as directed by our Supreme Court's order vacating this Court's judgment and remanding for expedited consideration. *People v Newby*, ___ Mich ___; 974 NW2d 825 (2022). For the reasons stated herein, we reverse defendant's sentence for his felon in possession of a firearm (felon-in-possession) conviction and remand for resentencing.

In *People v Newby*, unpublished per curiam opinion of the Court of Appeals issued December 16, 2021 (Docket No. 356196), we affirmed the trial court's resentencing of defendant as a fourth-offense habitual offender, MCL 769.12, to 37 to 60 months' imprisonment for his felon-in-possession conviction and 60 months' imprisonment for his possession of a firearm during the commission of a felony (felony-firearm) conviction.[1] Similar to the defendant in *Brown*, the jury in this case acquitted defendant of second-degree murder and the lesser included offense of manslaughter, but convicted him of felon-in-possession and felony-firearm. In this case, the trial court sentenced defendant, he appealed, this Court affirmed his convictions but remanded for resentencing, and the trial court did so, giving rise to this appeal. Defendant contends that the trial court erred by assessing points for Offense Variable (OV) 1 and OV 3, because each should have

---

[1] We incorporate by reference the factual and procedural background set forth in our previous opinion.

been assessed at zero points since the jury acquitted him of second-degree murder and manslaughter. He argues that the trial court impermissibly made factual findings regarding acquitted conduct for assessing points for those OVs.

In *Brown*,[2] this Court considered our Supreme Court's decision in *People v Beck*, 504 Mich 605; 939 NW2d 213 (2019), and its progeny, to determine what factual circumstances involved in a shooting the trial court could consider when sentencing the defendant on the felon-in-possession conviction. This Court noted that, in *Beck*, our Supreme Court explained the distinction between uncharged conduct, which a sentencing court may consider using a preponderance of the evidence standard, and charged conduct that the jury specifically determined that the prosecution failed to prove beyond a reasonable doubt, which a sentencing court may not consider because the defendant is entitled to the presumption of innocence, which after acquittal is irrebuttable. Accordingly, under *Beck*, a sentencing "court cannot sentence the defendant based on any fact or circumstance that would pierce the acquitted-conduct shield." *Brown*, ___ Mich App at ___; slip op at 4.

After analyzing different rationales regarding the extent to which a sentencing court may consider facts and circumstances in a case where the jury acquits the defendant of a charged offense, this Court explained that:

> under the rational-jury approach, the sentencing court could consider facts and circumstances that were not, in a practical sense, put in dispute at trial, as long as those facts and circumstances were otherwise consistent with the jury's acquittal on a particular charge. Moreover, if a specific fact or circumstance was relevant to both the acquitted charge and the convicted charge—i.e., if there was an overlap of relevant conduct—then the trial court could consider that fact or circumstance when sentencing on the convicted charge. This rational-jury standard appears to be consistent with *Beck* and its progeny, and it is a workable standard that trial courts can use when sentencing a defendant who was convicted of a particular charge but also acquitted of another related charge. [*Id*. at __; slip op at 7.]

Having settled on an approach that comports with *Beck*, this Court applied the standard to the defendant's case and vacated the defendant's sentence on the felon-in-possession conviction. This Court noted some of the salient facts in evidence, including that the defendant, a boxer, carried a firearm to a barbershop looking for a fight, and once there, he chambered a round before approaching the barbershop. *Brown*, ___ Mich App at ___; slip op at 7. This Court explained:

> When sentencing defendant for the felon-in-possession conviction, the trial court could take into consideration any of these facts and circumstances. Thus, the trial court did not err, for example, by noting that defendant should have been aware of the increased risk of serious violence associated with bringing a firearm to a fistfight. Nor did the trial court err by noting that defendant was not convicted for

---

[2] In *Brown*, the defendant went to a barbershop with a firearm where he encountered a man brandishing a gun making threatening remarks and shot him in the head. *Brown*, ___ Mich App at ___; slip op at 2, 7.

possessing the firearm in his home, but rather for bringing the firearm to a public place where violence was expected. The trial court could consider any of the relevant facts and circumstances leading up to the confrontation outside of the barber shop when sentencing defendant on the felon-in-possession conviction.

The trial court erred, however, when it held defendant responsible for Johnson's death. The jury acquitted defendant of second-degree murder and voluntary manslaughter on a theory of self defense. On this theory, although defendant caused Johnson's death, defendant was not criminally responsible for the death. Even though, ceteris paribus, Johnson would not have died outside of the barber shop but-for defendant's act of shooting him, the jury concluded that defendant was lawfully justified in committing that act. Once Johnson brandished his own firearm, defendant had the right to defend himself and could not be held criminally responsible for the act of shooting Johnson or Johnson's resulting death. Although the trial court took pains to make clear that it was not holding defendant "accountable" for Johnson's death, the court did mention on several occasions that, but-for defendant's actions, Johnson would still be alive. The jury determined that defendant was not criminally responsible for Johnson's death, and, as a result, the trial court could not consider the actual shooting and death when sentencing on the felon-in-possession conviction.

It is the case that defense counsel conceded at trial that his client intentionally shot Johnson. Typically, it would be proper for a sentencing court to consider a fact conceded by a defendant, even in the wake of *Beck*. But here, viewing the acquittal through the lens of the rational-jury standard, it is clear that the jury concluded that defendant was justified in shooting Johnson. Under *Beck*, defendant simply cannot be held criminally responsible for Johnson's death in any way, including at sentencing.

In sum, the line to be drawn in this case lies where Johnson brandished his weapon. All of the relevant facts and circumstances leading up to that point can be considered by the trial court when sentencing defendant on the felon-in-possession conviction. Defendant's conduct after that point and Johnson's resulting death fall under *Beck's* concept of "acquitted conduct" and are off-limits for purposes of sentencing. [*Brown*, ___ Mich App at ___; slip op at 7-8.]

Similar to *Brown*, we must view defendant's acquittal through the lens of the rational-jury standard. The jury in this case concluded that defendant justifiably shot the victim. Under *Brown's* analysis of *Beck*, defendant cannot be held criminally responsible for the victim's death in any way, particularly at sentencing. Therefore, in this case, all of the relevant facts and circumstances leading up to the point at which the victim reached for what appeared to be a gun in his pocket may be considered by the trial court for sentencing purposes in defendant's case. The sentencing court could consider defendant's status as a felon who possessed a firearm, but it could not consider defendant's use of that firearm and the resulting death of the victim from the gunshot.

The record reflects that at defendant's resentencing, after defense counsel objected to the scoring of OV 1 and OV 3 on the ground that the jury acquitted defendant of second-degree murder and voluntary manslaughter and argued that the court could not use any acquitted conduct for sentencing guidelines scoring and should score those OVs at zero points, the court expressed approval of the prosecution's guidelines scoring which considered defendant's use of a firearm and the victim's resulting death and did not address defendant's objections to the scoring of OVs 1 and 3. The record indicates that the trial court assessed 25 points for OV 1 and 100 points for OV 3. Under MCL 777.31, points for OV 1 must be assessed in cases where evidence established that the felony offense included the aggravated use of a weapon. Because the jury acquitted defendant of the charged offenses related to the use of the firearm in this case, the trial court should not have assessed defendant points for the aggravated use of a weapon and erred by assessing defendant 25 points instead of zero points for OV 1. Under MCL 777.33(1)(a) and (2)(b), 100 points must be assessed if a victim was killed and the victim's death resulted from the commission of a crime and homicide is not the sentencing offense. Because, under *Brown*, the sentencing court could not consider the death of the victim since the jury acquitted defendant of the charged offenses concerning the shooting and death of the victim, the trial court erred by assessing defendant 100 points for OV 3. As with OV 1, the court should have assessed defendant zero points for OV 3. Therefore, we reverse the sentence imposed by the court at defendant's resentencing for his felon-in-possession conviction.

Reversed and remanded for resentencing of defendant for his felon-in-possession conviction consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Michael J. Riordan
/s/ James Robert Redford

-4-